IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EVERETT JESSE SULLENS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-549-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Everett Jesse Sullens, a state prisoner who was confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) at the time the petition was filed, against Lorie Davis, director of TDCJ, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## **I. BACKGROUND**

On July 30, 2013, in the Criminal District Court Number Two, Tarrant County, Texas, Case No. 1303012D, Petitioner was tried and convicted by a jury of assault of a family or household member with a previous conviction. Clerk's R. 8, 62, ECF No. 9-17. The next day, Petitioner having pleaded true to the repeat-offender notice in the indictment, the trial court assessed his punishment at 15 years' confinement. *Id.* at 66. Petitioner appealed his conviction, but the state appellate court affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Petitioner's

---

[1]Petitioner is no longer confined in TDCJ having been released on parole. He currently resides in Decatur, Texas. Notice, ECF No. 17.

petition for discretionary review. Electronic R., ECF No. 9-16. Petitioner also filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. Action Taken & SHR01 2-19, ECF Nos. 10-7 & 10-14.[2]

The state appellate court briefly summarized the facts of the case as follows:

> On October 2, 2012, [Petitioner] and Dana White, the mother of his two children, got into an altercation on the front porch of [Petitioner]'s home. [Petitioner] hit White in the mouth with his fist. White ran next door and asked a neighbor to call the police. White then went back into [Petitioner]'s house, and [Petitioner] ran off down the street. White ran after him.
>
> Police arrived and questioned White and [Petitioner]'s brother, Stacy. Both said that [Petitioner] had punched White in the mouth. [Petitioner] was subsequently arrested and charged.

Mem. Op. 2, ECF No. 9-3.

## II. ISSUES

In this federal petition, Petitioner raises two grounds for relief, alleging that the state presented false testimony and that his trial counsel provided ineffective assistance by not objecting to the false testimony. Pet. 6, 8, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims raised and that the petition is neither barred by limitations nor subject to the successive-petition bar. Resp't's Answer 3, ECF No. 11.

---

[2]"SHR01" refers to the record of Petitioner's state habeas proceeding in WR-86,323-01.

## IV. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). And, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* --- U.S. ---, 138 S. Ct. 1188, 1191-

92 (2018).

**B. Application to Petitioner's Claims**

Petitioner claims that the state presented the false testimony of his brother, Clarence Stacy Sullens, that he was the victim in Petitioner's prior 2000 assault-family violence conviction used to enhance the instant offense to felony status, when, in fact, his father was the victim. A criminal defendant is denied due process when the state knowingly uses or fails to correct materially false testimony at trial. *See Giglio v. United States,* 405 U.S. 150, 153-54 (1972); *Napue v. Illinois,* 360 U.S. 264, 269 (1959). To obtain relief on such a claim, a petitioner must show that (1) the testimony was false; (2) the testimony was material to the verdict, and (3) the prosecutor knew the testimony to be false. *Giglio,* 405 U.S. at 153-54. False testimony is "material" if there is any reasonable likelihood that the false testimony could have affected the jury's verdict. *Id.* at 154.

In support of the claim in state court and in this Court, Petitioner presented the Euless police report relevant to the prior conviction, his own affidavit, and the affidavits of his father, Clarence Sullens, and his brother, Clarence Stacy Sullens. SHR01 46-90, ECF No. 10-14. Based on the record and the evidence produced, the state habeas judge, who also presided at Petitioner's trial, entered the following factual findings regarding the issue:

1. [Petitioner] was indicted for assault causing bodily injury to a family member with an allegation that he had previously been convicted in 2000 for assault causing bodily injury to a family member.

2. The jurisdictional enhancement allegation did not allege the 2000 victim's name.

3. [Petitioner]'s brother, Mr. Clarence Stacey Sullens, testified that he was the victim in [Petitioner]'s 2000 conviction.

4. The actual victim in [Petitioner]'s 2000 conviction was his father, Mr.

Clarence Dennis Sullens.

5. Mr. Clarence Stacey Sullens had allegedly been the victim of an assault by [Petitioner] in 2003.

6. Mr. Clarence Stacey Sullens' trial statement that he was the victim in the 2000 conviction was false.

7. The State introduced and linked up the 2000 conviction to [Petitioner] before Mr. Clarence Stacey Sullens testified falsely.

8. The trial court admitted [Petitioner]'s 2000 conviction into evidence before Mr. Clarence Stacey Sullens testified falsely.

9. The State had already met the requirements for proving the jurisdictional enhancement conviction before Mr. Clarence Stacey Sullens testified falsely.

10. The confusion over which Clarence Sullens was the victim in the 2000 conviction does not disestablish that [Petitioner] had been previously conviction [sic] of assault causing bodily injury to a family member since both men qualify as members of [Petitioner]'s family.

11. There is no reasonable likelihood that Mr. Clarence Stacey Sullens' false statement that he was the victim in the 2000 offense affected the jury's guilty verdict, including its determination that [Petitioner] had previously been convicted of assault causing bodily injury to a family member.

12. [Petitioner] pled true to the prior driving while intoxicated with felony repetition conviction alleged in the indictment's repeat offender notice.

13. [Petitioner] has been convicted of ten other criminal offenses.

14. [Petitioner] corrected his brother's false testimony regarding his 2000 assault victim before the trial court sentenced him.

15. There is no reasonable likelihood that Mr. Clarence Stacey Sullens' false statement that he was the victim in the 2000 offense affected [Petitioner]'s sentencing given his extensive criminal record.

16. Mr. Clarence Stacey Sullens' false statement was not material to [Petitioner]'s conviction or sentencing, and did not violate his due process rights.

*Id.* at 147-49 (record citations omitted).

Based on those findings, and relying solely on relevant state law, the state court made the following legal conclusions:

1. The State's use of material false testimony to obtain a conviction violates due process regardless whether it does so knowingly or unknowingly.

2. A false testimony due process claim is designed to ensure that a defendant is convicted and sentenced on truthful testimony.

3. Testimony need not be perjured to constitute a false testimony due process violation.

4. Whether the State or its witness acts in good faith or bad faith is not relevant to a false testimony due process analysis.

5. The proper inquiry in a false testimony due process claim is whether the testimony, in light of the entire record, gives the fact-finder a false impression.

6. The applicant must demonstrate this false impression by a preponderance of the evidence.

7. An applicant alleging a false testimony due process violation must establish that the testimony is both false and material.

8. False testimony is material only if there is a reasonable likelihood that it affected the outcome.

9. Materiality must be reviewed in light of the entire record.

10. The State had already met the requirements for proving the jurisdictional enhancement conviction before Mr. Clarence Stacey Sullens testified falsely.

11. Both [Petitioner]'s father and his brother qualify as a family member for purposes of jurisdictionally enhancing this offense to a third-degree felony.

12. There is no reasonable likelihood that Mr. Clarence Stacey Sullens' false statement that he was the victim in the 2000 offense affected the jury's guilty verdict, including its determination that [Petitioner] had been previously convicted of assault causing bodily injury to a family member.

13. There is no reasonable likelihood that Mr. Clarence Stacey Sullens' false statement that he was the victim in the 2000 offense affected [Petitioner]'s sentencing given his extensive criminal record.

14. Mr. Clarence Stacey Sullens' false testimony was not material to [Petitioner]'s conviction or sentencing.

15. Mr. Clarence Stacey Sullens' false testimony did not violate [Petitioner]'s due process rights.

*Id.* at 149-51 (citations omitted).

Petitioner fails to present any evidence, much less clear and convincing evidence, to rebut the state courts' factual findings, which are supported by the record; thus, this Court must defer to those findings. Having done so, the state court's adjudication of the issue comports with federal law on the issue.

Petitioner also claims that his trial counsel, Barry Alford, was ineffective for failing to object to the false testimony. To obtain relief on an ineffective-assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Failure to prove either prong of the test will defeat an ineffective-assistance claim. *Id.* at 687, 697.

Counsel, licensed to practice law since 1992, responded to Petitioner's claim *via* affidavit as follows:

> I was the trial counsel for [Petitioner] in cause number 13030120 . . . . He was

7

charged with the offenses of Assault - Bodily Injury Family Member- Prior Conviction, a third degree felony.

In an Application for Writ of Habeas Corpus seeking relief from final felony conviction under Article 11.07, Code of Criminal Procedure, [Petitioner] alleges that, because I failed to impeach a witness for the state, Clarence Stacey Sullens, he gave false testimony that he was the victim of the assault charge alleged as the jurisdictional prior conviction in the indictment and, but for that failure to impeach said witness, the state would have been unable to prove that [Petitioner] had a prior conviction for Assault Bodily Injury - Family Member. Following that logic, since the jurisdictional prior was part of its case in chief that the state had to prove beyond a reasonable doubt, the state would not have been able to prove its case and the jury would have had to find [Petitioner] not guilty.

However, the jurisdictional prior could be proven not by the testimony of witness Clarence Stacey Sullens but by the judgment and sentence, the criminal docket and the accompanying fingerprint packet, which was compared to fingerprints taken of [Petitioner] prior to trial, as well as a copy of the information alleging that the injured party in the previous assault was Clarence Sullens. This was introduced through witness Paul Rojas, a deputy sheriff with the Tarrant County Sheriff's Office.

Also, [Petitioner] is incorrect in believing that the state has to prove the name of the injured party in a jurisdictional prior conviction. When looking at the paragraph of the indictment dealing with the prior conviction which gives the district court jurisdiction over this cause, it does not mention the name of the injured party in that case as one of the elements that must be proved by the state. That is because the state must merely prove that [Petitioner] has in fact been convicted of an offense of Assault- Bodily Injury - Family Member and that that conviction was final prior to the date of offense of the case for which he was presently on trial. In this case, the indictment alleged that:

> It is further presented to said Court that, prior to the commission of the offense set out above, [Petitioner] had been previously convicted of an Assault with Bodily Injury against a member of [Petitioner]'s family or household, to-wit: on July 27, 2000 in the County Criminal Court Number Five of Tarrant County, Texas in cause number 0771734.

Contrast that with the language in the indictment alleging the assault charge for which he was on trial. In that paragraph, the state does have to prove who he assaulted and that such person was, in fact, a family member. In this case, the state alleged that:

> [Petitioner] . . ., on or about the 2nd day October, 2012, did then and there

> intentionally or knowingly cause bodily injury to *Dana White*, a member of the [Petitioner]'s family or household, by punching her with his fist.
>
> Also, I did object on the record when the state wanted to get into the facts of the jurisdictional prior conviction, including the name of the injured party. Over my objection, the trial court allowed the state to ask the witness if he was, in fact, the injured party in that previous assault. Further, I did interview the witness prior to his testifying in front of the jury. One of the things that we spoke about was the prior conviction that was the basis for the jurisdictional prior conviction. During that conversation, Clarence Stacey Sullens did tell me that he was the injured party in that particular assault charge.
>
> [Petitioner's] argument might have merit if the person that he contends was the injured party was not a family member. If that were the case, the jurisdictional prior would fail since the prior conviction must be against a family member in order for the state to enhance the underlying charge from a class A misdemeanor to a third degree felony. However, in his Application for Writ of Habeas Corpus, [Petitioner] contends that the injured party was in fact his father, who is also a family or household member.
>
> I believe that I exercised due diligence in my representation of [Petitioner] and that I rendered effective assistance of counsel as is required by the Sixth Amendment to the United States Constitution. It is for the above reasons that I believe that [Petitioner]'s contention that he was denied effective assistance of counsel due to my not attacking a state's witness which would in turn result in the jurisdictional prior conviction not being proven by the state beyond a reasonable doubt to be without merit.

*Id.* at 117-19 (emphasis in original).

Based on the record and counsel's affidavit, in addition to the above-stated factual findings, the state habeas court entered the following findings regarding the issue:

> 5. Mr. Alford objected to the State getting into the specific facts of the 2000 assault conviction during its direct examination of [Petitioner]'s brother, Mr. Clarence Stacey Sullens.
>
> 6. The trial court permitted the State to ask Mr. Clarence Stacey Sullens if he had any knowledge of that conviction, but cautioned against getting into its entire facts.
>
> . . .

9

9. Mr. Alford did not object to Mr. Clarence Stacey Sullens' statement because Mr. Sullens had told him prior to trial that he was the victim in that case.

10. Any decision by Mr. Alford not to object to Mr. Clarence Stacey Sullens' false statement was reasonable given his prior conversation with him.

. . .

14. Any decision by Mr. Alford not to object to Mr. Clarence Stacey Sullens' false statement did not affect the jury's guilty verdict, including its determination that [Petitioner] had previously been convicted of assault causing bodily injury to a family member.

15. [Petitioner] has an extensive prior criminal record beyond his 2000 assault causing bodily injury to a family member conviction.

16. Any decision by Mr. Alford not to object to Mr. Clarence Stacey Sullens' false statement did not affect the trial court's sentencing.

17. Mr. Alford reasonably represented [Petitioner] during his trial.

18. Mr. Alford provided [Petitioner] with adequate representation guaranteed by the Sixth Amendment.

19. There is no reasonable probability that the jury or the trial court would have reached a different result or verdict with counsel other than Mr. Alford.

*Id.* at 152-54 (record citations omitted).

Based on those findings, and applying the *Strickland* standard, the state habeas court made the following legal conclusions:

4. Mr. Alford reasonably represented [Petitioner] during his trial.

5. Mr. Alford functioned as counsel guaranteed by the Sixth Amendment.

6. [Petitioner] has failed to show that, had Mr. Alford objected to Mr. Clarence Stacey Sullens' false testimony, the result of his trial would have been different.

7. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct

sufficient to undermine confidence in the outcome is not established.

8. [Petitioner] received effective assistance of trial counsel.

*Id.* at 154-55 (citations omitted).

Deferring to the state courts' factual findings, the state court's application of *Strickland* was not objectively unreasonable. *Richter,* 562 U.S. at 101. Counsel had no knowledge to support an objection. Nor can Petitioner show that he would have been acquitted had counsel objected to the testimony or that his sentence would have been lower.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED** as Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his claims.

**SO ORDERED** on this 17th day of December, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**